80 P.2d 37

**JARITAS LIVESTOCK CO. v. SPRIGGS.**

No. 4325.

Supreme Court of New Mexico.

May 27, 1938.

D. A. Paddock, of Clayton, and E. C. Burck, of Denver, Colo., for appellant.

F. S. Merriau and Fred C. Stringfellow, both of Raton, for appellee.

ZINN, Justice.

This suit was brought in the district court of Colfax County to foreclose the rights of a purchaser under a contract for the purchase and sale of land.

It is alleged in the complaint, and so found by the court in his findings of

fact, that on December 16, 1931 a written contract was entered into between Solomon Floersheim and Rossco Spriggs, the appellant here, defendant below, and Gladys Spriggs, wife of appellant, by the terms of which Floersheim agreed to sell to Spriggs, the appellant, approximately one thousand acres of land located in Colfax and Mora Counties.

The total consideration was $16,500.-00. There was to be paid in cash the sum of $1,000.00 and the balance in annual installments of $1,000.00 each, payable on or before December 1st of each succeeding year. The $1,000.00 down payment was made by Spriggs at the time or shortly after the execution of the contract and he was let into immediate possession of the land so contracted to be purchased.

On the 5th of December, 1932, Floersheim deeded the land involved in this contract to appellee, Jaritas Livestock Company, and appellee assumed the contract referred to. The appellant failed to make payment of any of the subsequent installments which came due under the contract, either as to principal or interest and also failed to pay the taxes levied and assessed against the real estate for the years 1932, 1933, 1934, and the appellee made payment of these taxes. A notice of forfeiture was served upon the appellant in December, 1935, in compliance with the requirement of the contract.

The appellee, as plaintiff, prayed that the sale contract of December, 1931, be foreclosed, that the amount of the past due indebtedness be determined by the court, and prayed for an order commanding the appellant to make payment of the amount adjudged within a definite period to be fixed by the court and upon failure to make the payment so ordered, that the appellant be barred and estopped from claiming any further interest in the property, and that he be required to surrender immediately the possession of the premises.

The appellant answered, admitting the execution of the contract of December 16, 1931, but alleged affirmatively that in February, 1934, the parties arrived at a new or modified agreement by the terms of which the appellee or its predecessor, Solomon Floersheim, agreed to accept the sum of $8,000.00 in cash in full satisfaction of all of appellant's indebtedness, both under the contract of December, 1931, and under an earlier land sales contract dated July 17, 1926, covering 240 acres of land upon which there was an actual balance due of $1400.00. The appellant also alleged in his answer that appellee or its predecessor, Solomon Floersheim, had waived their right to forfeit the contract and that the appellee and its agent Solomon Floersheim had misled the appellant and that the appellee was pursuing the wrong remedy.

To these affirmative defenses the appellee demurred. The demurrer so interposed was overruled. Appellee there-

upon filed a reply denying all of said affirmative defenses.

The trial was had in due course and a judgment entered in favor of appellee, adjudging appellant to be indebted to appellee in a sum of over $10,000.00 upon the contract of December 16, 1931. The final decree provided that in the event the amount adjudged as due from appellant to appellee be not paid within thirty days of the date of judgment, all rights of the appellant in the premises would cease. The judgment expressly authorized the sheriff of Colfax County, New Mexico, to deliver possession of the premises to the appellee upon failure of the appellant to make the payment adjudged due appellee. From this judgment this appeal is prosecuted to this court.

The case was tried to the court without a jury and the trial court made its own findings of fact and conclusions of law. Proper objections and exceptions were taken by the defendant to the court's findings and conclusions.

The court's findings in addition to those already set out in this opinion and which are material hereto are substantially as follows:

That after several conferences, and some correspondence, was had between Rossco Spriggs, and one Carl Floersheim, as agent for Solomon Floersheim and the appellee in this cause, Solomon Floersheim by a letter dated February 27, 1934, offered to take the sum of $8,000.-00 in cash in full settlement for not only all the unpaid balance upon the contract of December 16, 1931, but also upon a certain other contract for the purchase of a certain tract of 240 acres of other and different lands, which latter contract was dated July 6, 1926.

This letter is as follows:
"Springer, New Mexico,
"September 27th, 1934.
"Mr. R. W. Spriggs, City.

"Dear Sir: I will agree to accept $8,-000.00 in cash for the balance due me on land purchases being about $18,000.00 in principal and interest as of this date. Said payment of $8,000.00 to be made in a reasonable length of time.

"Yours very truly,
"S. Floersheim"

The court found that the offer contained in the above letter was never accepted and no payment or tender of $8,-000.00 or any other sum, in cash, or in any other manner was ever made by the appellant to the Floersheims or appellee and further that this unaccepted offer of settlement was subsequently withdrawn by Floersheim.

The court made a finding of fact that the appellee and its predecessor in title have been and now are ready, able and willing to transfer to the appellant a merchantable title to the lands involved and that the appellee did, in open court, at the trial, tender a deed of general warranty covering the lands, to be delivered

only upon the payment of any and all deficiencies then existing under the agreement, including the taxes advanced by appellee and past due installments of principal and interest upon the agreed purchase price.

The court made a finding that prior to the institution of this suit, both Solomon Floersheim and the appellee, by letters and formal written notice, gave appellant the notice required in the contract of sale and purchase of their intention to prosecute this suit and to enforce the terms of the purchase contract.

From all this the court concluded that there never was a modification of the terms and provisions of the contract of purchase as claimed by appellant and that therefore the contract of December 16, 1931, is still in full force and effect according to all the terms thereof, and that appellant is in default under its terms and that the appellee is entitled to a decree as prayed. The court entered judgment accordingly.

In appellant's brief nineteen errors are assigned. These assignments attempt to strike at the court's findings of fact and conclusions of law on the theory that they are erroneous.

The entire case resolves itself around the court's interpretation of the legal effect of the letter hereinabove set out. The appellant advances two theories. The first is that this letter amounted to an offer by Floersheim, which, if acted upon by appellant, would amount to a modification of the contract. The second is that this letter constitutes an acceptance by Floersheim of an offer of modification previously made to appellant.

As to the latter theory, that is, that the letter was an acceptance of a previous offer, we must say at the outset that such contention is untenable. The letter clearly states that the writer thereof will accept $8,000.00 in cash for the balance due on the land purchased.

This $8,000.00 payment to be made in a reasonable time. The letter is unquestionably a clear cut offer on the part of Floersheim to the appellant to settle an $18,000.00 indebtedness for a cash consideration of $8,000.00, payment of which was to be made in a reasonable length of time. This is a plain, unequivocal, and unambiguous offer. It needs not the aid of erudite learning to interpret its meaning.

The offer was made by Floersheim. In view of the surrounding circumstances, that is, knowledge upon the part of Floersheim that the appellant would have to make application to and obtain from the Federal Government a farm loan, it might be consistently argued that the consideration for keeping the offer open a reasonable length of time was the effort the appellant would make to secure such loan.

When the appellant's efforts to secure such a loan failed, and a reasonable time

had elapsed, Floersheim could withdraw the offer. The record shows that the offer to settle was withdrawn. The appellant having failed to pay the sum of $8,000.00, though he apparently attempted to raise such sum, the appellee had a clear right to withdraw the offer. This then brought into the picture the original contract upon which this suit is founded.

The entire structure of the appellant's case is built on the foundation of his theory that the letter constitutes a modification of the original contract rather than an offer to settle. When this foundation fails the entire structure crumbles. The other assignments need therefore not be considered except one.

■ The appellant contends that there is no substantial evidence to support the court's findings. We have examined the record and find otherwise. Inasmuch as the court's findings are supported by substantial evidence, they will not be disturbed on appeal.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

HUDSPETH, C. J., and BICKLEY and BRICE, JJ., concur.

SADLER, J., not participating.